Links: 42, 43, 44

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 11-ML-2265-MRP (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.* *Fed. Deposit Ins. Corp., as Receiver for Colonial Bank v. Countrywide Secs. Corp., et al.*, 12-CV-6911 **(JS-6)** | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Isabel Martinez | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**         **(In Chambers)**

## ORDER RE: MOTIONS TO DISMISS

The Federal Deposit Insurance Corporation ("FDIC") became receiver for the failed Colonial Bank on August 14, 2009. First Am. Compl. ¶ 5. The FDIC sues the defendants here for violations of federal securities law, based on the sale of ten residential mortgage-backed securities ("RMBS" or "certificates") to Colonial Bank. The FDIC argues that the "Offering Documents" that created and were used to market the certificates contained material misstatements, in violation of Sections 11 and 15 of the federal 1933 Securities Act. The Bank of America Corporation is sued as successor-in-interest to the alleged Countrywide violators.

All of the FDIC's claims are time-barred. The statute of limitations for the 1933 Securities Act begins when a plaintiff "did or should have actually discovered that the defendant made an 'untrue statement or omission.'" *Fed. Deposit Ins. Corp. as Receiver for Strategic Capital Bank v. Countrywide Fin. Corp.*, 12–CV–4354, 2012 WL 5900973, at *3 (C.D. Cal. Nov. 21, 2012). A plaintiff should have actually discovered that a defendant made such a misstatement when a "'reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint . . . with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss.'" *Id.* (citing *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011)).

For lawsuits arising from mortgage-backed securities issued by Countrywide, a reasonably diligent plaintiff had enough information about false statements in the Offering Documents of their securities to file a well-pled complaint before August 14, 2008. *Id.* at *3 (holding that a diligent plaintiff had enough information before May 22, 2008). By August 14, 2008, multiple lawsuits had

**Links: 42, 43, 44**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 11-ML-2265-MRP (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*<br>*Fed. Deposit Ins. Corp., as Receiver for Colonial Bank v. Countrywide Secs. Corp., et al.*, 12-CV-6911 **(JS-6)** | | |

been filed against Countrywide, including by RMBS investors, alleging that the corporation had deviated from stated underwriting guidelines and used inflated appraisals. *Id.* at **3–6 (discussing the class action complaint filed by RMBS investors in *Luther v. Countrywide Home Loans Servicing LP*, No. BC380698 (Cal. Super. Ct.) on November 14, 2007, the class action complaint filed by shareholders for breach of fiduciary duties in *In re Countrywide Financial Corporation Derivative Litigation*, No. 07–cv–06923 (C.D. Cal.) on February 15, 2008, and the class action complaint filed by shareholders and noteholders for violations of federal securities laws in *In re Countrywide Financial Corporation Securities Litigation*, No. 07–cv–05295 (C.D. Cal.) on April 11, 2008). This Court had held that one of those lawsuits supported "a strong inference of a Company-wide culture that, at every level, emphasized increased loan origination volume in derogation of underwriting standards." *In re Countrywide Fin. Corp. Derivative Litig.*, 554 F. Supp. 2d 1044, 1058 (C.D. Cal. May 14, 2008). That meant the allegations in the complaints "had been tested or resolved" in federal court. *Fed. Deposit Ins. Co. as Receiver for Security Savings Bank v. Banc of Am. Secs. LLC*, 2013 WL 1191785, at * 4 (C.D. Cal. Mar. 21, 2013). By August 14, 2008, there were also numerous media sources identifying serious problems with underwriting and appraisals at Countrywide. Therefore, a reasonably diligent investor in Countrywide RMBS, like Colonial Bank, could have prepared a well-pled complaint for misstatements in the Offering Documents by August 14, 2008.

The statute of limitations for the FDIC's claims is one year. 15 U.S.C. § 77m. As stated, a reasonably diligent investor should have discovered misstatements in the Offering Documents before August 14, 2008. The statute therefore expired before August 14, 2009, when the FDIC was named receiver for Colonial Bank. The FDIC does not have the power to revive expired claims like these.

The claims here are therefore time-barred unless there is a reason to delay commencement of the statute of limitations. No such reason exists here. Colonial Bank did not purchase the same tranche or even in the same offering as the named plaintiff in the class action complaint in *Luther v. Countrywide Home Loans Servicing LP*. *Strategic Capital Bank*, 2012 WL 5900973, at **8–12. Additionally, state court class actions cannot toll the statute of limitations for a subsequent individual federal claim, because a class action in state court need not conform to the requirements of Federal Rule 23, or supply the special information mandated in a securities action in federal court. *Comcast Corp. v. Behrend*, No. 11-864, 2013 WL 1222646, at *4 (U.S. Mar. 27, 2013) ("The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23.") (quotations and citations omitted);

**Links: 42, 43, 44**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-ML-2265-MRP (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.* *Fed. Deposit Ins. Corp., as Receiver for Colonial Bank v. Countrywide Secs. Corp., et al.*, 12-CV-6911 **(JS-6)** | | |

*Security Savings Bank*, 2013 WL 1191785 at \*\*8–12; *Strategic Capital Bank*, 2012 WL 5900973, at \*\*12–14.  Therefore, all claims brought by the FDIC are time-barred, and dismissed.

IT IS SO ORDERED.